MICHAEL J. MADIGAN *v.* MICHELLE A. MADIGAN
(14574)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued December 1, 1992—decision released March 2, 1993

*Louis Kiefer,* for the appellant (plaintiff).

*Emily J. Moskowitz,* with whom was *Robert J. Kor,* for the appellee (defendant).

*Gaetano Ferro* filed a brief for the American Academy of Matrimonial Lawyers as amicus curiae.

PETERS, C. J. The only issue in this appeal is whether a temporary custody order entered in the course of dissolution proceedings is a final judgment for the purpose of appellate review. The plaintiff, Michael J. Madigan, brought a dissolution action pursuant to General Statutes § 46b-45[1] to terminate his marriage to the defendant, Michelle A. Madigan. Pending a trial on the merits, the trial court entered an order pursuant to General Statutes § 46b-56[2] for temporary custody and

---

[1] General Statutes § 46b-45 provides in relevant part: "(a) A proceeding for annulment, dissolution of marriage or legal separation shall be commenced by the service and filing of a complaint as in all other civil actions in the superior court . . . ."

[2] General Statutes § 46b-56 provides in relevant part: "SUPERIOR COURT ORDERS RE CUSTODY AND CARE OF MINOR CHILDREN IN ACTIONS FOR DISSOLUTION OF MARRIAGE, LEGAL SEPARATION AND ANNULMENT. . . . (a) In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under section 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation . . . .

"(b) In making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child, giving consideration to the wishes of the child if he is of sufficient age and capable

visitation of two of the parties' three minor children.[3] The plaintiff appealed the order to the Appellate Court, which, sua sponte, dismissed the appeal on the ground that it was not from a final judgment. We granted the plaintiff's petition for certification to review this issue,[4] and now reverse the Appellate Court's dismissal of his appeal.

The trial court's memorandum of decision accompanying the temporary order and the record reveal the following. The parties were married on December 17, 1988. The plaintiff filed a dissolution action on August 27, 1991, alleging extreme cruelty, adultery and irretrievable marital breakdown. The defendant filed a cross complaint for dissolution, also alleging extreme cruelty, as well as nonsupport of the parties' children, physical and psychological abuse, and the irretrievable breakdown of the marriage. See General Statutes § 46b-40.

Both parties moved the trial court to enter temporary orders for custody and visitation.[5] The plaintiff asked

---

of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation if such causes are relevant in a determination of the best interests of the child."

[3] The parties have three children, only two of whom are subject to the orders of the trial court presiding over this action. The oldest child, born January 20, 1986, was placed in the custody of a third party, pursuant to an earlier Probate Court order, and is not subject to the jurisdiction of the trial court. The two other children are a daughter born on July 19, 1989, and a son born on June 22, 1990.

[4] The order on the plaintiff's petition for certification to appeal limited the appeal to the following question: "Is an appeal from pendente lite orders of custody and visitation, entered in a dissolution of marriage action, of such finality as to permit appellate review?" *Madigan* v. *Madigan,* 223 Conn. 908, 612 A.2d 55 (1992). Our order did not encompass immediate appellate review of orders of visitation unrelated to custody.

[5] The defendant also moved for an order of support and alimony pendente lite. The trial court subsequently ordered the plaintiff to pay the defendant $68 per week for child support, and concurrently to reduce a support arrearage of $2148 at a rate of $5 per week. This portion of the trial court's order is not at issue in this appeal.

the court to order joint custody, with each parent having the children for alternating three day periods, while the defendant asked for sole custody, with visitation rights for the plaintiff. After a hearing at which the parties testified concerning their views on custody of the children, the trial court ordered joint custody of the two children, their primary residence to be with the defendant, as well as a visitation schedule designed to match an existing schedule that the Probate Court had established regarding the third, oldest, child. See footnote 3.

The plaintiff appealed from the trial court's order of temporary custody, as well as the court's denial of two earlier pretrial motions.[6] The Appellate Court dismissed the appeal for lack of a final judgment. We granted the plaintiff permission to appeal the issue of the finality of the temporary custody order.

The immediate appealability of temporary custody orders entered in the course of dissolution actions must be determined in accordance with established jurisdictional principles. With the exception of certain statutory rights of appeal that are not relevant here, appellate jurisdiction is limited to appeals from final judgments. See General Statutes §§ 51-197a, 51-199 and 52-263; see also Practice Book § 4000. Interlocutory appeals must, therefore, be dismissed. See, e.g., *Melia* v. *Hartford Fire Ins. Co.*, 202 Conn. 252, 254, 520 A.2d 605 (1987). Limiting appeals to judgments that are final serves the important public policy of

---

[6] The plaintiff sought to appeal the trial court's denial of (1) a motion to strike the defendant's motions for custody, child support and alimony, and (2) a motion to recuse itself because of certain preliminary orders already entered in favor of the defendant. These claims are not within the certified question, and we do not address them here. Subsequent to the trial court's temporary order for custody and visitation, the plaintiff also filed a motion to stay the trial court proceedings, pursuant to Practice Book § 4047, pending resolution of this appeal. The trial court denied the motion, and the plaintiff has not sought review of that order.

minimizing interference with and delay in the resolution of trial court proceedings. See id., 258; *E. J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 626, 356 A.2d 893 (1975).

Although the rule requiring an appealable order to be final is well settled, it is difficult to devise a comprehensive definition of what constitutes a final judgment. "It is apparent that there are certain judgments which are undoubtedly final and others that are clearly interlocutory and not appealable. The problem, of course, arises in the gray area between these obvious certainties . . . ." *E. J. Hansen Elevator, Inc.* v. *Stoll,* supra, 627. To evaluate those orders that lie in the "gray area," we have in recent years relied on the standard articulated in *State* v. *Curcio,* 191 Conn. 27, 463 A.2d 566 (1983). That standard permits the immediate appealability of an order "in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31; *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* 223 Conn. 761, 769, 613 A.2d 1320 (1992).

Applying the *Curcio* standard and its antecedents, we have allowed the immediate appeal of arguably interlocutory orders in a variety of circumstances. See, e.g., *Solomon* v. *Keiser,* 212 Conn. 741, 747–48, 562 A.2d 524 (1989) (order opening a judgment if issue raised is power of trial court to open the judgment); *Kerite Co.* v. *Alpha Employment Agency, Inc.,* 166 Conn. 432, 438, 352 A.2d 288 (1974) (order to interplead); *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173 (1949) (order for temporary alimony and support); *Wardell* v. *Killingly,* 96 Conn. 718, 722, 115 A. 539 (1921) (order denying mandamus). We have, however, denied the immediate appealability of other orders in civil cases, despite their serious consequences for the

litigants. See, e.g., *Burger & Burger, Inc.* v. *Murren,* 202 Conn. 660, 667, 522 A.2d 812 (1987) (disqualification of attorney); *Melia* v. *Hartford Fire Ins. Co.,* supra, 254–59 (discovery orders); see also *State* v. *Parker,* 194 Conn. 650, 656–58, 485 A.2d 139 (1984) (denial of motion to dismiss charges pursuant to then existing accelerated rehabilitation statute not immediately appealable, because, even if a defendant had a right to dismissal before trial, the right to dismissal could be vindicated on appeal after trial).

The defendant contends that we have already decided, in *Hall* v. *Hall,* 186 Conn. 118, 439 A.2d 447 (1982), that a temporary order of custody is not immediately appealable. We disagree. In *Hall,* the parties appealed after a final judgment of dissolution. Declining to review the propriety of the trial court's modification of its temporary custody award by the final decree, we held that the only issue then before us was whether the trial court had abused its discretion "in deciding which parent was the better custodian at the time of the final decree dissolving the marriage." Id., 123. Our decision in *Hall* did not purport to address the appealability of the temporary order. To the extent that *Hall* has any bearing on the present case, it furnishes support for the position of the plaintiff. Because *Hall* precludes appellate review of the merits of a temporary custody order in any appeal from the final dissolution decree, it suggests that the temporary order satisfies the second *Curcio* test as an order that "so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* supra, 31.

*Hall* furnishes persuasive authority, therefore, for the conclusion that a temporary order of custody is a final judgment for the purpose of an immediate appeal because a parent's custodial rights during the course of dissolution proceedings cannot otherwise be vindi-

cated at any time, in any forum.[7] In this respect, orders relating to temporary custody closely resemble temporary orders for alimony and support, which we have held, in *Hiss* v. *Hiss,* supra, 336, to be immediately appealable. Our reason for considering temporary orders of alimony and support to be "final" was that, once paid by one spouse to another, such sums could not subsequently be recovered on appeal from the final dissolution judgment.[8] Id. This reasoning applies with equal force to temporary custody orders that affect the irreplaceable time and relationship shared between parent and child. It would be anomalous, therefore, to permit the appealability of otherwise nonreviewable orders relating to financial matters and to deny the appealability of orders relating to the personal interaction between a parent and a child.

The defendant maintains, however, that temporary custody orders should not be considered final because interlocutory appeals would interfere greatly with the orderly determination of dissolution actions and would disserve the goal of providing stability for children during the course of the litigation. Regarding the maintenance of dissolution actions, the defendant argues first that a right to immediate appeal of temporary orders of custody will disrupt and delay these actions. The defendant points out that, as an alternative to the resulting delay caused by an immediate appeal, a disappointed parent can seek a change in custody through judicial modification. See General Statutes § 46b-56. Second, she maintains that a conclusion that temporary custody orders are final judgments that may be

---

[7] Because we determine that an order of temporary custody is a final judgment on the basis of its effect on the rights of the plaintiff, we need not decide whether it would merit immediate appeal under the first *Curcio* test, as a "separate and distinct proceeding."

[8] A final dissolution order of support is generally prospective, and cannot address antecedent temporary orders. See *Litvaitis* v. *Litvaitis,* 162 Conn. 540, 548–49, 295 A.2d 519 (1972).

appealed will sanction appeals of every interlocutory order in a dissolution action. The consequent delays in the proceedings, she asserts, will burden both the courts and the parties. The defendant also emphasizes the importance of ensuring a stable and secure environment for children affected by the pendency of a dissolution proceeding. Such children are at psychological risk when their parents' pending divorce results in an emotionally precarious and unstable domestic environment. See *Yontef* v. *Yontef,* 185 Conn. 275, 293, 440 A.2d 899 (1981). The defendant maintains that allowing appeals of the trial court's temporary orders, otherwise "permanent" until the finalization of the dissolution, may make more tumultuous an already stressful event in the lives of children.

The plaintiff, to the contrary, urges this court to recognize the importance of the parent-child relationship and the irreparable consequences of a temporary custody order for that relationship. A lost opportunity to spend significant time with one's child cannot be replaced by a subsequent order of custody as part of an ultimate dissolution judgment. A contested custody case is often lengthy and typically involves, as does this case, a family relations study conducted over time in order to assist the court in its final decision. To deny immediate relief to an aggrieved parent interferes with the parent's custodial right over a significant period in a manner that cannot be redressed by a later appeal. Furthermore, although § 46b-56 allows a party to move for modification even of temporary custody orders, such modification may not be an adequate substitute for the right to file an appeal in order to vindicate evidentiary as well as substantive rights implicated by the trial court's order. See General Statutes § 46b-56; cf. *Theonnes* v. *Theonnes,* 181 Conn. 111, 114, 434 A.2d 343 (1980). Finally, a temporary custody order may have a significant impact on a subsequent permanent cus-

tody decision. Especially if both parents would be suitable custodians, an order of temporary custody may establish a foundation for a stable long-term relationship that becomes an important factor in determining what final custodial arrangements are in the best interests of the child. See General Statutes § 46b-56; see also 2 J. McCahey et al., Child Custody and Visitation Law and Practice (1992) § 8.01 [2]. Accordingly, not only is any impropriety in granting an initial order for temporary custody not subsequently reversible, but it may also have an adverse spillover effect on the ultimate determination of custody.

Persuaded by the plaintiff's arguments, we conclude that temporary custody orders are immediately appealable because an immediate appeal is the only reasonable method of ensuring that the important rights surrounding the parent-child relationship are adequately protected.[9] Our holding is not intended to signal that a trial court must stay dissolution proceedings upon the filing of such an appeal. Orders relating to

---

[9] An inquiry into the law of other jurisdictions supports our conclusion that temporary custody orders are immediately appealable. Although a number of jurisdictions have held that such orders are not immediately appealable, emphasizing the broad rule that interlocutory orders must await the end of an action to be appealed; see, e.g., *Chancellor* v. *Chancellor*, 282 Ark. 227, 230, 667 S.W.2d 950 (1984); *In re Temporary Custody of Five Minors*, 105 Nev. 441, 443, 777 P.2d 901 (1989); *Craft* v. *Craft*, 579 S.W.2d 506, 508 (Tex. App. 1979); others recognize that temporary orders may be appealed pursuant to local rules recognizing interlocutory appeals. See, e.g., *Sanchez* v. *Walker County Department of Family & Children Services*, 235 Ga. 817, 818, 221 S.E.2d 589 (1976); *In re Marriage of Kitchen*, 126 Ill. App. 3d 192, 194–95, 467 N.E.2d 344 (1984). Likewise, a limited number of jurisdictions recognize temporary custody orders as final for the purpose of immediate appeal. See, e.g., *In re Interests of L.W.*, 241 Neb. 84, 486 N.W.2d 486, 495 (1992); *In re Murray*, 52 Ohio St. 3d 155, 159–61, 556 N.E.2d 1169 (1990). On balance, we find that the rationale for allowing immediate appeals adopted in the latter jurisdictions, in conjunction with the practice in other jurisdictions that allow these appeals by special interlocutory appeals rules, to be more persuasive than the traditional reasons of judicial economy generally offered as a justification to adhere to a rule of nonappealability.

dissolution actions have explicitly been excluded from the automatic stay provisions of Practice Book § 4046,[10] indicating that in these actions delay is likely to disserve the interests of the parties. That rule applies here. Furthermore, we do not anticipate a sudden influx of appeals to exacerbate resolution of disputed dissolution proceedings. The standard of review in an appeal of a custody decision remains abuse of discretion; General Statutes § 46b-56; *Hall* v. *Hall*, supra, 123–24; and our appellate decisions emphasize that an abuse of discretion leading to reversal is rare.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings.

In this opinion the other justices concurred.

---

[10] Practice Book § 4046 provides in relevant part: "[AUTOMATIC STAY OF EXECUTION]——IN GENERAL

"In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until . . . the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is announced . . . . This section shall not apply . . . to periodic alimony and support orders, as well as to custody or visitation orders in domestic relations matters."