[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE MOTION FOR EXTENSION OF TIME TO APPEAL
This is a proceeding in which the Department of Children and Families (Department) has filed a petition alleging that the CT Page 7108 respondent mother neglected her child, Damien G. Subsequent to the filing of the petition the court granted a motion to vest temporary custody of the child in the Department. See General Statutes §46b-129(b).[1] Thereafter, a hearing was held within ten days of that order as required by General Statutes § 46b-129(b). At the conclusion of that hearing, the court affirmed the order of temporary custody.
The respondent has timely filed with this court a motion to extend the time within which she may appeal to the Appellate Court. Practice Book § 4009 provides, with certain exceptions not applicable here, that an appeal shall be filed within twenty days from the issuance of the notice of the judgment or order from which an appeal is taken. Practice Book § 4040(a) provides in pertinent part: "If an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal. . . ." The respondent seeks an extension of time for two reasons: "[1]. So that the Motion for Articulation filed on this date may be heard and determined; and [2]. So that the affidavit required for the Application for Waiver of Fees, Cost and Security can be signed by the applicant/mother, who does not have a telephone. A letter has been sent to her on this date of which a response should be received."
The Department does not claim that the grounds stated in the motion do not provide good cause for the granting of an extension of time to appeal. However, the Department does object to the respondent's motion. The Department contends that the Appellate Court would not have jurisdiction of an appeal from the order of temporary custody because that order is not a final judgment.
"With the exception of certain statutory rights of appeal that are not relevant here, appellate jurisdiction is limited to appeals from final judgments. See General Statutes §§ 51-197a, 51-199 and52-263; see also Practice Book § 4000." Madigan v. Madigan,224 Conn. 749, 752 (1993). If there is no final judgment, an appellate court cannot reach the merits of the appeal. Smith v. Otis ElevatorCo., 33 Conn. App. 99, 102 (1993). The determination of whether there is a final judgment and whether an appeal must be dismissed, however, is a regular function of the appellate courts; see Practice Book § 4056[2]; not of this court.
The Department's objection must be overruled. Firstly, Practice Book § 4017 does not provide that a trial court may consider the merits of a party's appeal in determining whether to CT Page 7109 grant that party an extension of time within which to appeal. Where our rules have authorized a trial court to consider such a matter, they have expressly so provided. Thus Practice Book (1963) § 603 authorized the trial court to waive fees, costs and security necessary to perfect an appeal "[i]f the court is satisfied that the applicant is indigent and that the proposed appeal would not be frivolous. . . ." See State v. Hudson, 154 Conn. 631, 634 (1967). Not only does such a provision not exist in Practice Book § 4040, but it also has not been included in Practice Book § 4016 et seq. which now governs the waiver of fees and costs by the trial court. Secondly, an appellate "court must have exclusive power over the control of its own docket. . . . Our Supreme Court has recognized that an appellate court has the general supervisory power to protect its jurisdiction to hear appeals and that this power cannot be defeated by the arbitrary action of a trial court." State v.Robinson, 10 Conn. App. 520, 524 (1987), citing State v. S RSanitation Services, Inc., 202 Conn. 300, 309-310, 521 A.2d 1019
(1987). Thirdly, in Madigan v. Madigan, supra, the Supreme Court held that an order of temporary custody is a final judgment for purposes of appeal. "[T]emporary custody orders are immediately appealable because an immediate appeal is the only reasonable method of ensuring that the important rights surrounding the parent-child relationship are adequately protected." (Footnote omitted.) Id., 757. Madigan arose in the context of an action for dissolution of marriage. Id., 750. Temporary custody was awarded to one of the children's parents. Id., 750-51. That custody here was sought by and awarded to a state agency which has intervened in the constitutionally protected parent-child relationship militates more strongly in favor of holding such an order to be immediately appealable as a final judgment. Cf.In re Juvenile Appeal (83-CD),189 Conn. 276, 283-292 (1983).
With respect to the merits of the respondent's motion, the court holds that the filing of a motion for articulation does not give rise to good cause for extending the time within which to appeal. Firstly, under the circumstances here, an articulation is not necessary in order to apprise the respondent that there is a decision to appeal from nor is an articulation necessary to enable the respondent to form an opinion as to whether that decision presents an appealable issue. Cf.Bridgeport Bowl-O-Rama, Inc. vZoning Board of Appeals, 195 Conn. 276, 281-282 (1985). Secondly, the language of Practice Book § 4051[3], which provides for the filing of a motion for articulation, clearly contemplates that such a motion may only be filed after an appeal is pending. Gretsch v.Housatonic Cablevision Co., 8 Conn.L.Trib. No. 14, p. 13 CT Page 7110 (1981) (Cotter, S.T.R.). Thirdly, "[i]t is clear that the Practice Book provision has no time limits within which to file a motion for articulation." Maguire v. Maguire, 222 Conn. 32, 38 (1992). Therefore, an extension of time within which to appeal neither is necessary nor appropriate in order for the respondent to timely file her appeal.
That the respondent requires additional time in order to complete the application for waiver of fees, costs and security is good cause for granting her motion for an extension of time within which to appeal. General Statutes § 52-259(a) provides the "[t]here shall be paid to the clerks for entering each appeal to the supreme court, or the appellate court, as the case may be, two hundred fifty dollars. . . ." Practice Book § 4015 provides in relevant part that "[a]t the time of filing the appeal, the appellant. . . shall, unless . . . the costs have been waived pursuant to Sec. 4016, pay to the clerk of the trial court the fees provided by statute. The appeal. . . shall be accompanied with security for costs in the amount of $400. . . ." Practice Book § 4017 provides in relevant part with respect to civil cases[4]: "If a party in any case where fees and costs may lawfully be waived is indigent and desires to appeal, that party may, within the time provided by the rules for taking an appeal, make written application, to the court to which the fees required by statute or rule are to be paid, for relief from payment of fees, costs and expenses. The application must be under oath and recite, or it must be accompanied by an affidavit reciting, the grounds upon which the applicant proposes to appeal and the facts concerning the applicant's financial status." The respondent's motion for extension of time reflects that such an affidavit has been prepared but that it must be signed by the respondent, who does not have a telephone. A letter from the respondent's attorney to the respondent is attached to the motion for extension of time. The letter requests the respondent to contact her attorney so that she may execute the affidavit. An extension of time to appeal may be granted "for good cause shown". While the representations of respondent's counsel are not under oath and ordinarily would not be evidence; Cologne v. WestfarmsAssociates, 197 Conn. 141, 153, 496 A.2d 476 (1985); here, the Department has not challenged the accuracy of these representations. See State v. Haye, 214 Conn. 476, 481-83,572 A.2d 974 (1990) (request for continuance of probable cause hearing);State v. Williams, 203 Conn. 159, 163, 523 A.2d 1284 (1987); Mimmsv. Planning Zoning Commission, Superior Court, Judicial District of Fairfield, No 0289405, p. 13n. 4 [1993 Ct. Casebase 5731] (1993). The necessity that the respondent, who does not have a CT Page 7111 telephone, communicate with her attorney and travel to the latter's office to execute the affidavit needed to obtain a waiver of fees and costs so that an appeal may be perfected satisfies the requirement of good cause.
The motion for extension of time is granted to July 18, 1994.
Bruce L. LevinJudge of the Superior Court