## IN RE ELISABETH H. ET AL.*
### (15307)

Dupont, C. J., and Foti and Lavery, Js.

Considered December 5, 1995—decision released January 30, 1996

*Sharon Wicks Dornfeld,* in support of the motion by the minor children.

*Patricia E. Naktenis,* assistant attorney general, and *Richard Blumenthal,* attorney general, in support of the motion by the petitioner.

The respondents, pro se, in opposition to the motions.

PER CURIAM. The principal issue in this appeal is whether a trial court's adjudication of two minor children as neglected, uncared for and abused youths within the meaning of General Statutes § 46b-120,[1] without any

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Reporter of Judicial Decisions

[1] General Statutes § 46b-120 provides in relevant part: "The terms used in this chapter shall, in its interpretation and in the interpretation of other statutes, be defined as follows . . . 'abused' means that a child or youth (a) has had physical injury or injuries inflicted upon him other than by accidental means, or (b) has injuries which are at variance with the history

judgment as to the consequences of that determination, is a final judgment for the purpose of appellate review. The underlying matter concerns two identical petitions alleging abuse and neglect, filed by the department of children and families on October 5, 1993, concerning Elisabeth H. and Catherine H., who are sisters. At the time the petitions were brought, Elisabeth H. was fourteen years of age and Catherine H. was sixteen years of age. The pro se respondents, who are the children's parents, filed a timely joint appeal from the trial court's judgment adjudicating Elisabeth H. and Catherine H. as neglected, uncared for and abused youths within the meaning of § 46b-120.

The minor children filed a motion to dismiss the appeal on the ground that this court lacks subject matter jurisdiction because the appeal was taken from a judgment following an adjudicatory hearing, which determined that Elisabeth H. and Catherine H. were neglected, uncared for and abused. Because the disposition phase of the hearing had not yet been held at the time this appeal was brought, they argue that the trial court's adjudication is an interlocutory decision, lacking such finality as to permit appellate review. The minor children also assert that the respondents lack standing to appeal because the trial court's memorandum of decision concerning the adjudicatory phase did not direct orders to the respondents or subject them to any penalties. The petitioner has also filed a motion

given of them, or (c) is in a condition which is the result of maltreatment such as, but not limited to, malnutrition, sexual molestation, deprivation of necessities, emotional maltreatment or cruel punishment . . . a child or youth may be found 'neglected' who (i) has been abandoned or (ii) is being denied proper care and attention, physically, educationally, emotionally or morally or (iii) is being permitted to live under conditions, circumstances or associations injurious to his well-being, or (iv) has been abused; a child or youth may be found 'uncared for' who is homeless or whose home cannot provide the specialized care which his physical, emotional or mental condition requires. . . ."

to dismiss based on the same grounds as the minor children's motion to dismiss.

The respondents oppose both motions to dismiss. They claim that both motions are untimely according to Practice Book § 4056.[2] Furthermore, they assert that this appeal was taken from a final judgment and that they are aggrieved parties with standing to bring this appeal.

We note initially that the respondents' assertion that both motions to dismiss are untimely is without merit. The respondents correctly note that neither motion to dismiss was filed within ten days after the filing of the appeal. Practice Book § 4056 provides, however, that "a motion based on lack of jurisdiction may be filed at any time. . . ." Because both motions to dismiss are based on the lack of subject matter jurisdiction, they are not untimely. Therefore, the determinative issue in this appeal is whether the trial court's adjudication of neglect without further disposition constitutes a final judgment.

"[I]t is difficult to devise a comprehensive definition of what constitutes a final judgment." *Madigan* v. *Madigan*, 224 Conn. 749, 753, 620 A.2d 1276 (1993). In determining whether an order is a final judgment for purposes of appellate review, we rely on the standard articulated in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). "That standard permits the immediate appealability of an order 'in two circumstances: (1)

---

[2] Practice Book § 4056 provides: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Secs. 4041 and 4042 within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a motion based on lack of jurisdiction may be filed at any time. The court may on its own motion order that an appeal be dismissed for lack of jurisdiction."

where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them.' " *Madigan* v. *Madigan*, supra, 753, quoting *State* v. *Curcio*, supra, 31.

We conclude that neither of the two circumstances set forth in *Curcio* that would permit appellate review are present in this appeal. Though the adjudicatory phase and the disposition phase were bifurcated in the present case, the findings of the adjudicatory phase did not terminate the proceeding. The trial court file reveals that at the time this appeal was filed, the trial court had not issued any orders as to disposition. In its memorandum of decision, the trial court ordered that "matters are to be scheduled for further proceedings regarding the dispositional phase of the petitions." "Disposition in a neglect petition may take one of a number of forms, including return to parents, return to parents with a protective order, foster care placement, or the initiation of proceedings to terminate parental rights." *In re Juvenile Appeal (84-AB)*, 192 Conn. 254, 261, 471 A.2d 1380 (1984). Consequently, the rights of the parties have not been concluded in the present case because the trial court has yet to render any dispositional orders.

The petitioner's motion and the minor children's motion to dismiss the respondents' appeal are granted.