# IN RE TODD G.*
## (AC 17596)

Schaller, Sullivan and Dupont, Js.

Considered May 6—officially released July 7, 1998

*Patricia Johnson,* in support of the motion.

*Andrew M. Haynes,* in opposition.

*Opinion*

PER CURIAM. This appeal raises the question of whether a trial court's granting of an extension of a commitment of a minor child to the commissioner of the department of children and families (commissioner) pursuant to General Statutes § 46b-129 (e)[1] is a final

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book (1998 Rev.) § 79-3, the names of the parties involved in this appeal are not disclosed. The record and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

[1] General Statutes § 46b-129 (e) provides in relevant part: "Ninety days before the expiration of each twelve-month commitment made in accordance with the provisions of subsection (d) of this section and each extension made pursuant to the provisions of this subsection, the Commissioner of Children and Families shall petition the court either to (1) revoke such commitment, in accordance with the provisions of subsection (g) of this section, or (2) terminate parental rights in accordance with the provisions of section 17a-112, or (3) extend the commitment beyond such twelve-

judgment for purposes of appellate review.[2] We hold that such an action by the trial court is immediately appealable.

On March 3, 1997, the commissioner filed a petition for extension of the minor child's commitment to the petitioner's care.[3] The commitment was due to expire on April 11, 1997. An extension for an additional twelve months was sought, based on allegations that the child was in need of a therapeutic foster home and that his natural mother was unable to provide the structure and care he required. On March 24, 1997, the trial court ordered the commitment continued until further order of the court. On August 25, 1997, the court ordered the commitment extended retroactively from April 11, 1997, and placed restrictions on the respondent mother's contact and visitation with the child.[4] Thereafter, the respondent mother filed this appeal.

The petitioner filed a motion to dismiss the respondent's appeal on the ground that this court lacks subject matter jurisdiction because the order appealed from is interlocutory in nature and does not satisfy the test for

month period on the ground that an extension is in the best interest of the child. . . ."

[2] Although this court has previously reviewed an extension of a commitment order in *In re Corey E.*, 40 Conn. App. 366, 671 A.2d 396 (1996), as though it were appealable, the issue was not raised by either party and we did not discuss whether there was a final judgment for purposes of appeal in that case.

[3] The child was originally placed in the petitioner's noncommitted treatment program. In March, 1993, he was committed to the petitioner as an uncared for child with special needs and the commitment has been extended since that time.

[4] The order appealed from, which extended the child's commitment to the petitioner, expired on April 11, 1998. On March 23, 1998, the commitment was extended for a period not to exceed twelve months from April 11, 1998. We conclude that this case is not moot in light of the continuing commitment of the child. The extension allows this court to grant practical relief to the appellant should it be warranted on the merits. See *In re Corey E.*, 40 Conn. App. 366, 369, 671 A.2d 396 (1996); cf. *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995).

review established in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983).

The respondent opposes the motion to dismiss on the ground that orders extending commitments are analogous to pendente lite custody orders, which are immediately appealable. See *Madigan* v. *Madigan*, 224 Conn. 749, 753–57, 620 A.2d 1276 (1993).

In determining whether a decision by a trial court is a final judgment for purposes of appellate review, we rely on the standard articulated in *State* v. *Curcio*, supra, 191 Conn. 31. That standard permits the immediate appealability of an order "in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id.

Before discussing the applicability of *Madigan*, we first note that the case of *In re Elisabeth H.*, 40 Conn. App. 216, 669 A.2d 1246 (1996), is not applicable to the present case. We held in *In re Elisabeth H.* that an order adjudicating children neglected and committing them to the care of the department of children and families was not an appealable final judgment unless dispositional orders had also been entered at the time of the appeal. Id., 219. Unlike the situation in *In re Elisabeth H.*, in this case we are dealing with a dispositional decision. Practice Book (1998 Rev.) § 33-9, formerly § 1045.1 (1), provides in relevant part that extension petitions are "dispositional in nature based on the prior adjudication . . . ."

In *Madigan*, our Supreme Court recognized the importance of the parent-child relationship and the irreparable consequences of a temporary custody order on the relationship. The court concluded that, therefore, such orders satisfy the second prong of the *Curcio*

standard. "To deny immediate relief to an aggrieved parent interferes with the parent's custodial right over a significant period in a manner that cannot be redressed by a later appeal." *Madigan* v. *Madigan*, supra, 224 Conn. 756. The *Madigan* court concluded that an order of temporary custody in a dissolution action is immediately appealable "because an immediate appeal is the only reasonable method of ensuring that the important rights surrounding the parent-child relationship are adequately protected." Id., 757.

In a more recent case, which relies on the reasoning of *Madigan*, a court order that precluded parents in a custody dispute from filing motions regarding custody or visitation for a period not less than one year was held to be immediately appealable because it satisfied the second *Curcio* standard. *Taff* v. *Bettcher*, 243 Conn. 380, 386, 703 A.2d 759 (1997). As in *Madigan*, an immediate appeal was necessary to protect the rights involved in the parent-child relationship. Id.

The parent-child relationship in the present case would be equally disrupted for a significant period of time if no appeal were possible. There are no further proceedings in the underlying action brought pursuant to § 46b-129 (d)[5] that will affect the commitment order until the petitioner either moves to extend the commit-

---

[5] General Statutes § 46b-129 (d) provides in relevant part: "Upon finding and adjudging that any child or youth is uncared-for, neglected or dependent, the court may commit him to the Commissioner of Children and Families for a maximum period of twelve months, unless such period is extended in accordance with the provisions of subsection (e) of this section, provided such commitment or any extension thereof may be revoked or parental rights terminated at any time by the court, or the court may vest such child's or youth's care and personal custody in any private or public agency which is permitted by law to care for neglected, uncared-for or dependent children or youth or with any person found to be suitable and worthy of such responsibility by the court. . . ."

General Statutes § 46b-129 (d) was amended by No. 97-319, § 19, of the 1997 Public Acts, but the language quoted herein was not changed.

ment again or to terminate the respondent's parental rights. We conclude that the order extending the child's commitment to the petitioner satisfies the second prong of *Curcio* and, therefore, hold that the order is a final judgment for purposes of appellate review.

The petitioner's motion to dismiss the respondent's appeal is denied.