[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON PLAINTIFF'S MOTION FOR MODIFICATION DATED AUGUST 12, 1998
The plaintiff's (mother) motion was heard on September 8, 1998, at which time the only evidence was the testimony of both parties. The mother requested permission to relocate with her two children: Andrew, age 4 (date of birth, November 4, 1993); and Vanessa, age 2 (date of birth, September 17, 1996) from Danbury to Maryland. In a previous order entered into by agreement of the parties on May 4, 1998, the mother agreed to give the defendant (father) rights of visitation with these children. She now seeks to modify a prior court order in which both parties agreed not to permanently remove the children from this State for more than ten (10) days (Axelrod, J.). She also needs a court order approving the relocation because § 25-5(5) of the Practice Book prohibits either party from removing the minor children from this State permanently prior to a final dissolution decree being entered.
The mother testified that her reasons for moving was that her rent will increase to $1300 a month on November 1st, and living costs here in Danbury are more than she can afford on her present income. She claims that the $200 she receives from the father in temporary alimony and child support, added to what she earns as a hairdresser, is not enough for her and the two children to live in Danbury. She believes the cost of living, including rent, is less in Maryland. These were her reasons why it is in her and the minor children's best interests to move there.
The defendant (father) opposed the motion and testified that this move would seriously impair, or make it almost impossible for him to visit his children. He presently visits with them two nights a week, and sometimes more, and every other weekend. He is developing a strong parental bond with them and wants to continue making it stronger. He has been paying his child support of $150, and $50 in alimony, to the mother monthly in advance. The alimony, child support, custody and visitation orders are all pendente lite, or temporary orders, prior to a final dissolution decree being entered.
The law is well settled in this State that custody and CT Page 10770 visitation orders require a court to decide and find facts that establish the best interest of the child. Connecticut General Statutes § 46b-59; Madigan v. Madigan, 224 Conn. 749, 756-57
(1993). Our statute, § 46b-59, does not define nor specify criteria a court must follow before it decides these issues.
The court finds these facts from the mother's testimony. She became acquainted with a Scott Riker on the Internet this past April. From that time to the present, about five months, she visited with him at his home in Accokeek, Maryland, about ten (10) weekends, and has brought her children with her about eight (8) weekends. She slept downstairs with the children while her boyfriend slept upstairs. She now knows he is thirty-three (33) years old and employed as a fireman. He has been divorced twice and has one child from each of his marriages. She would like to continue developing her relationship with him. There was no testimony, however, that he is committed to marry her. In any event, she is unable to marry him until her divorce becomes final, estimated to be twelve (12) to eighteen (18) months from now. She has not yet found a job as a hairdresser nor rented a place to live in Maryland.
The attorney for the mother cites Ireland v. Ireland,246 Conn. 413 (Connecticut Law Journal, August 18, 1998), as a case in point. The facts in that case are clearly distinguishable from those here. That case involved a relocation dispute of a visitation order postjudgment. There the custodial mother had been awarded physical custody of the minor child six years before the dispute arose. The mother had remarried and her new husband, who had been unemployed, obtained a higher paying consultant's position in California. The non-custodial parent, who had been regularly visiting with his minor child over those past six years, opposed her motion to relocate to California. The Supreme Court held that the initial burden of proof is on the custodial parent to prove (1) the relocation is for a legitimate purpose, and (2) the proposed relocation is reasonable and in the child's best interest. Once this burden is established, the burden shifts to the non-custodial to prove, by a preponderance of the evidence, the relocation is not in the child's best interest. InIreland, supra, the court considered certain criteria in granting the custodial mother's motion to relocate: (a) the advantages of the proposed move in terms of the capacity to improve the child's general quality of life; (b) the motivation or good faith of the custodial parent requesting relocation; (c) the likelihood of the custodial parent to comply with visitation orders necessitated by CT Page 10771 the relocation; (d) the good faith or motivation of the noncustodial parent in resisting relocation; and (e) whether, if relocation is allowed, there is a realistic opportunity for a visitation schedule that will provide an adequate basis for preserving and fostering a relationship with the noncustodial parent.
In this case, the issue of which parent will be awarded physical custody of the children has yet to be decided. The present policy is that all contested custody cases are to be tried and decided by the Regional Family Court in Middletown. There is a waiting period of twelve (12) to eighteen (18) months before a final judgment of a contested custody case will be entered. At this time, no attorney or guardian ad litem has been appointed to represent these children. Before the court decides which of these parents will be awarded physical custody of these minor children, the court in Middletown will have before it a Family Relations custody study, psychological evaluation of these parents and the children, and a report from the attorney for the children and/or the guardian ad litem. None of these reports have been completed at this time. These reports will all address the ultimate issue of which parent is best suited to meet the best interests of these minor children. If the court in Middletown awards physical custody to the father, this motion to relocate to Maryland will be moot. On the other hand, should the mother succeed, she can reclaim the motion then. The motion is premature.
The plaintiff's motion for modification, dated August 12, 1998, is denied without prejudice.
The court appoints Attorney Sharon Dornfeld of Danbury, Connecticut, as attorney for the minor children pursuant to Connecticut General Statutes § 46b-54.
Petroni, J.