# IN RE TODD G.*
## (AC 17596)

Foti, Schaller and Spear, Js.

Argued November 3, 1998—officially released April 13, 1999

*Andrew M. Haynes*, for the appellant (respondent).

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Patricia Johnson*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (petitioner).

*Robert H. Lessler*, for the minor child.

*Opinion*

SCHALLER, J. The respondent appeals from the judgment of the trial court extending the commitment of her minor child to the commissioner of children and families (commissioner) for a period of twelve months.[1] On appeal, the respondent claims that the trial court improperly (1) denied her an evidentiary hearing, as required by General Statutes (Rev. to 1997) § 46b-129 (e),[2] on the merits of the commissioner's petition for extension, (2) deprived her of her right to due process under the state and federal constitutions by failing to provide her with adequate notice of the hearing at issue and summarily granting the petition and (3) considered and relied solely on evidence from previous petitions, statements and reports, which were not in evidence in granting the petition. We affirm the judgment of the trial court.[3]

---

[1] In *In re Todd G.*, 49 Conn. App. 361, 713 A.2d 1286 (1998), we held that the extension of a commitment order is a final judgment for purposes of appellate review.

[2] General Statutes (Rev. to 1997) § 46b-129 (e) provides in relevant part: "Ninety days before the expiration of each twelve-month commitment . . . and each extension . . . the Commissioner of Children and Families shall petition the court either to (1) revoke such commitment . . . or (2) terminate parental rights . . . or (3) extend the commitment beyond such twelve-month period on the ground that an extension is in the best interest of the child. The court shall give notice to the parent, parents or guardian and to the child or youth at least fourteen days prior to the hearing on such petition. Upon finding that an extension is in the best interest of the child, the court may extend the commitment for a period of twelve months. . . ."

[3] "The order appealed from, which extended the child's commitment to the petitioner, expired on April 11, 1998. On March 23, 1998, the commitment was extended for a period not to exceed twelve months from April 11, 1998. We conclude that this case is not moot in light of the continuing commitment of the child. The extension allows this court to grant practical relief to the

The following facts and procedural history are relevant to our resolution of this appeal. Todd G. was born to the respondent on July 7, 1983. Because of the respondent's frequent psychiatric hospitalizations and inability to care for him, the trial court adjudicated the child uncared for and transferred his custody and guardianship to his maternal grandmother. It soon became clear that the child's grandmother could not provide him with the care that he needed. Consequently, the trial court again adjudicated the minor child uncared for, this time committing him to the care of the commissioner for a period of eighteen months. The trial court extended the commitment for an additional eighteen months without objection. The respondent subsequently filed a petition for revocation of the extension. Following an evidentiary hearing, the trial court denied the petition. Later, the commissioner filed a petition to extend the child's commitment. That petition was contested by the respondent but was granted by the trial court after an evidentiary hearing.

On March 3, 1997, the commissioner filed another petition for extension to which the respondent objected on March 24, 1997. The trial court set a pretrial hearing date of May 5, 1997. At the pretrial hearing, all parties agreed that psychological examinations of the respondent and the child, as well as a study of the interactions between them, would aid the court in its determination of the petition. The trial court did not rule on the pending petition at two subsequent hearings because the results of the court-ordered evaluations were not yet available.[4] The matter was ultimately continued to August 25, 1997.

[respondent] should it be warranted on the merits." *In re Todd G.*, 49 Conn. App. 361, 362 n.4, 713 A.2d 1286 (1998).

[4] The trial court convened a third time and the evaluations were then available, but the matter was continued because counsel for the respondent was not in attendance.

On August 25, 1997, the proceeding at issue took place. The trial court granted the commissioner's petition, concluding that extending the commitment for a period of twelve months was in the child's best interest.[5] This appeal followed. Additional facts will be set forth as they become relevant.

I

The respondent first claims that the trial court improperly denied her a full evidentiary hearing, as required by General Statutes (Rev. to 1997) § 46b-129 (e), on the merits of the commissioner's petition for extension. We disagree.

When considering a petition for extension of commitment, the trial court shall conduct a "hearing on such petition . . . [to determine whether] an extension is in the best interest of the child . . . ." General Statutes (Rev. to 1997) § 46b-129 (e) (3). Although the respondent claims that this language suggests a full evidentiary hearing, we need not decide this issue because the respondent waived her right to any hearing by stating that she did not want one. At the hearing on August 25, 1997, after the court proceeded to consider the commissioner's petition for extension of commitment, respondent's counsel stated: "Your Honor, [the respondent] has, you know, formally denied or entered a denial to the extension, is objecting to the extension, *doesn't want a hearing*."[6] (Emphasis added.)

---

[5] The record does not contain either a written memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating its reasons for granting the commissioner's petition to extend the minor child's commitment. See Practice Book § 64-1. The duty to provide this court with a record adequate for review rests with the appellant. Practice Book § 60-5; *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). We will review these claims, however, because we can determine the trial court's reasoning from the hearing transcript. See *Singer* v. *Matto*, 48 Conn. App. 462, 466, 710 A.2d 823 (1998).

[6] At oral argument, the respondent argued that this language in the transcript was either a typographical error or a misstatement. Even if we were

The transcript reveals moreover, that, despite the respondent's waiver, the trial court did grant her a full hearing as provided by § 46b-129 (e) (3). In reaching its decision on the petition, the trial court considered the court-ordered evaluations of the respondent and the child, a study done for the commissioner's extension of commitment and two updates of that study. The trial court also invited the respondent to present her own evidence relevant to the petition for extension; the respondent declined to do so.

## II

The respondent next claims that the trial court improperly deprived her of her right to due process under the state and federal constitutions by failing to provide her with adequate notice of the hearing at issue and by summarily granting the commissioner's petition for extension. The record shows that the respondent was given adequate notice of the petition and was informed of all subsequent hearings.[7] As to the claim that the court summarily decided the petition, as we stated in part I, the respondent was granted a full hearing in this case.

## III

The respondent claims finally that the trial court improperly considered and relied solely on evidence

---

to accept these assertions as true and overlook the fact that the respondent took no action to rectify the transcript prior to appearing before this court, we note that the transcript is devoid of any objection by the respondent to the trial court's consideration of the extension petition or to the hearing procedure. In the absence of a request for plain error review, we are not bound to hear such claims. Practice Book § 60-5; *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 52, 717 A.2d 77 (1998).

[7] The hearing was continued to the date at issue because the court-ordered evaluations, which the respondent agreed were necessary for the court's decision on the petition, were not ready. Because they were available at this hearing, the trial court moved forward on the petition.

gleaned from previous petitions, statements and reports, which were not in evidence in granting the petition for extension.[8] We disagree.

In deciding a petition for extension of commitment, the trial court must consider "the social study and the total circumstances of the child [before it] orders whatever action is in the best interest of the child and the community. . . ." Practice Book § 26-1 (f). The transcript reveals that the trial court in the present case considered the study by the department of children and families that accompanied the petition, as well as two subsequent status reports in which the department had updated the circumstances of the minor child.[9] The trial court also considered the court-ordered psychological examinations of the respondent and minor child, as well as a study of the interaction between parent and child. Under General Statutes (Rev. to 1997) § 46b-129 (c),[10] the trial court was authorized to review such information. Furthermore, the trial court indicated that it

---

[8] We note that the respondent's argument is also capable of being interpreted as an improper failure to recuse. We will not review it as such, however, as it was not properly preserved with a motion for disqualification of judicial authority. See Practice Book §§ 1-23, 60-5; *Cameron* v. *Cameron*, 187 Conn. 163, 168, 444 A.2d 915 (1982).

[9] The court stated: "This court is familiar with the [minor child's] case from the three and a half years that the court's been sitting here. This case has been before this court at least twelve times. This court personally sat through the last extension hearing that was hotly contested. I am thoroughly familiar with all of the updates. I'm familiar with the study that's been done for this extension. There has not been one single change that would warrant anything but an extension of commitment."

[10] General Statutes (Rev. to 1997) § 46b-129 (c) provides in relevant part: "When a petition is filed . . . for the commitment of a child or youth, the Commissioner of Children and Families shall make a thorough investigation of the case and shall cause to be made a thorough physical and mental examination of the child or youth if requested by the court. The court after hearing on the petition and upon a finding that the physical or mental ability of a parent or guardian to care for the child or youth before the court is at issue may order a thorough physical or mental examination, or both, of the parent or guardian whose competency is in question. . . ."

would consider any evidence that the respondent wanted to offer. As previously noted, the respondent offered no relevant evidence.

We conclude that the trial court did not rely solely on evidence from prior proceedings relative to the child. In fact, the transcript reveals that the trial court's use of such information in the present case was merely comparative, demonstrating only that the circumstances of the child remained unchanged and that an extension was still as much in the best interest of the child as it had been in the past.[11] Accordingly, we conclude that the trial court did not improperly consider the evidence in granting the commissioner's petition for extension of commitment.

The judgment is affirmed.

In this opinion the other judges concurred.