[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court by way of an ex-parte Motion for a Writ of Temporary Injunction, Pendente Lite, filed by the defendant wife ("wife"), seeking to enjoin the plaintiff husband ("husband") from pursuing an independent action in the State of Texas for relief which is substantially similar to that which he seeks in the present action in Connecticut, or at least involving the same subject matter, including,inter alia, genetic testing, custody of the yet unborn child and damages for breach of a certain premarital agreement as amended by a later post-marital agreement. The husband opposed the grant of the injunction, and a hearing was held before the court on March 21, 2000. At that time, the court heard oral argument, as well as testimony from Grier Raggio, Esq., attorney for the wife in the Texas proceedings. Following the hearing, the parties each submitted a Memorandum of Law in support of their respective positions.
The suit was commenced in the State of Connecticut by the husband by Writ, Summons and Complaint dated December 1, 2000, returnable to the Judicial District of Stamford/Norwalk on December 26, 2000. The husband avers that the wife is pregnant and that the child "will be issue of this marriage," and prays for a decree dissolving the marriage, enforcement of the pre and postmarital agreements as well as "such other, further, and different relief as the court may deem proper." Service was made upon the wife, a Texas resident, by authority of an Order of Notice. The wife, who is eight months pregnant, has appeared through counsel on December 22, 2000, and she has submitted herself to this court's jurisdiction. In addition, on February 9, 2001, she filed an Answer, Special Defenses and a Cross Complaint in which she pleads her current pregnancy and the fact that the child "shall be issue of the marriage," special defenses regarding the pre and post-marital agreements, and prays for, interalia, a recission of said agreements, alimony, child support and sole custody of the "expected minor child."
The parties have engaged in substantial discovery efforts and the court has entered orders concerning the same by agreement. On February 8, 2001, following an extensive hearing, this court entered a temporary alimony order in favor of the wife, and in addition, made an award of attorneys fees to her in order to permit her to defend the action. Significantly, in response to the wife's Motion for Order re Child's Birth, Pendente Lite, dated February 13, 2001 (#126), the court entered orders in connection therewith on February 26, 2001, by way of a Stipulation dated February 23, 2001 (#129.10). In the interim, on or about February 19, 2001, the husband filed an action in the District Court of Collin County, Texas, 199 Judicial District entitled Original Petition in Suit Affecting the Parent-Child Relationship. In that action he seeks, inter alia, genetic testing, to be appointed "Sole Managing Conservator" of the yet unborn child or in the alternative, that the CT Page 4299 parties be named "Joint Managing Conservators" and that he have "primary possession," "exclusive right to determine [the child's] domicile and residence," and "the same exclusive parental rights as a Sole Managing Conservator." In addition, in his Texas action the husband seeks child support, health insurance for the child, the annual tax exemption, and damages for breach of the pre and post-marital agreements as a result of the wife's motion for and award of temporary alimony in the present action.
It is regarding the husband's Texas action that the wife seeks injunctive relief from this court, and the question raised is whether or not this court has subject matter jurisdiction, as well as whether it is appropriate to exercise same.
 LAW
General Statutes § 52-471 provides that any court of equity in an action seeking equitable relief may grant and enforce a writ of injunction upon the verified application of the movant. "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. . . . A prayer for injunctive relief is addressed to the sound discretion of the court." Advest, Inc.v. Wachtel, 235 Conn. 559, 562-63, 668 A.2d 367 (1995). Connecticut courts have enjoined divorce litigants from proceeding with a subsequently filed divorce action in another jurisdiction. See, e.g.,Nowell v. Nowell, 157 Conn. 470, 476, 254 A.2d 889, cert. denied,396 U.S. 844, 90 S.Ct. 68, 24 L.Ed.2d 94 (1969) (involving Connecticut injunction which enjoined divorce defendant from prosecuting divorce action in Texas).
The Superior Court has subject matter jurisdiction over all family law matters as defined by General Statutes § 46b-1. While neither party can confer subject matter jurisdiction on the court, once that jurisdiction has been established, the court is free to exercise the same within statutory bounds. Rosenfield v. Rosenfleld, 61 Conn. App. 112,116, 762 A.2d 511 (2000). Moreover, "every presumption favoring jurisdiction should be indulged." Amodio v. Amodio, 247 Conn. 724, 728,724 A.2d 1084 (1999). Here, both parties have between them placed before the court the issues of alimony, child support, a prenuptial and postnuptial agreement, and most significantly, custody of the yet unborn child. In general, a party should be free to choose the forum in which his or her case is heard, and where there is a conflict, a court should only reluctantly deny the party this choice. Normally, however, such a conflict involves the competing jurisdictions chosen by each party. Here, the husband himself has chosen both forums, first Connecticut and then Texas, in an effort to hedge his bets and to force the defendant to CT Page 4300 defend the action on multiple fronts. This is, as the defendant's counsel has asserted, "classic forum shopping." Moreover, the court is aware of the vast gulf that exists between the litigants in terms of available resources. "The power to act equitably is the keystone of the court's ability to fashion relief in the infinite variety of circumstances thatarise out of the dissolution of a marriage." Porter v. Porter,61 Conn. App. 791, 797, ___ A.2d ___ (2001). (Emphasis added) The court must have the power to address these issues and to redress any obvious inequities. The playing field must be a level one.
The husband asserts that this court has no jurisdiction to decide the issues relating to the parties' unborn child. He even goes so far as to say that, at this stage in the litigation, it is Texas, and not Connecticut, that has jurisdiction as the "home state" of the unborn child under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA), Public Act (P.A. 99-185, simply because the pregnant wife is a resident there and is likely to deliver the child there. This is simply not the case. If "anything, where neither state can claim home state, the UCCJEA would seem to hold that it would be Connecticut, not Texas, that should accept jurisdiction. See P.A. 99-185, § 12(a)(6).[1]
However, the definition section of the act apparently limits the application of the law to situations following the birth of the child. SeeP.A. 99-185, § 2(7).[2] If that is the case, the question becomes on what basis can this court, or any court for that matter, accept jurisdiction regarding custody of an unborn infant. This court looks to the United States Supreme Court for the answer. In the recent case ofPlanned Parenthood of Southeastern Pennsylvania v. Casey, 505 U.S. 833,112 S.Ct. 2791, 120 L.Ed.2d 674 (1992), the court found that at all stages of a pregnancy, but in particular, after the point of viability is reached, the state has an interest in protecting the unborn infant. So much so that following viability, the state's interest overrides the long-established right of the mother to terminate the pregnancy. Here, the defendant wife is eight months pregnant, and the court, cognizant of the advances in medicine, and, in particular with regard to neonatal care, finds that the unborn child that she carries certainly would have viability outside the womb. Moreover, this court finds that the stipulation by the parties filed with this court on February 26, 2000, regarding that very unborn child, constitutes a waiver of either party's right to now argue that issues regarding the unborn child are not properly before the court.
The husband asserts that the wife will not be irreparably harmed by permitting the Texas action to continue at this stage. However, this court has no trouble finding that the normal stress of child bearing alone is significant enough without the added burden of defending not one, but two pending cases in two separate jurisdictions.[3] In addition, the husband CT Page 4301 asserts that the wife may actually convince the Texas court to dismiss the action, thereby rendering the present matter moot. Hence, he urges a "wait and see" approach. This cuts both ways. In point of fact, it is the husband himself, who, after invoking the jurisdiction of the Connecticut courts, and after receiving an adverse decision therein, has an adequate remedy at law in Connecticut. Yet he has chosen to collaterally attack this court's orders in Texas, rather than as is his right, to appeal that decision in Connecticut. Madigan v. Madigan, 224 Conn. 749, 755 (1993). Such attacks, in general, are not looked upon with favor by most courts.Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1947).
 FINDINGS
The court, after reviewing the file, having considered the argument of counsel and the testimony of the witness for the defendant, and having considered Sections 46b-1, 46b-45a, 46b-56, and 52-471 C.G.S., as well the applicable case law, hereby finds as follows:
 1. That there is a reasonable probability that the defendant will suffer irreparable harm to herself and her unborn child if she is compelled to defend multiple actions in two separate states, and that she therefore has no adequate remedy at law.
 2. That there is a reasonable probability that the defendant will suffer severe economic loss if she is compelled to defend this action in two separate jurisdictions simultaneously.
 3. That the court has subject matter jurisdiction over the issues raised by this litigation, including any issues arising out of the birth and custody of the unborn child, and that the parties hereto have by stipulation dated February 23, 2001, consented to such jurisdiction, and that the court, in fact entered orders in connection therewith, and that plaintiff is therefore estopped from collaterally attacking such by separate litigation in another jurisdiction.
 4. That given the advances in medicine, in particular that of neonatal care, the approximately eight-month-old unborn infant now carried by the defendant is sufficiently viable to live outside the mother's womb.
CT Page 4302
 5. That while the defendant has de facto custody of the unborn infant in her womb, in light of the legitimate interest of the State of Connecticut in the well being and best interest of same, it is appropriate for the court to sua sponte award immediate temporary sole custody of the infant, both now and following the birth, to the defendant mother.
 6. That it is equitable and appropriate that the stress of litigation upon the mother and unborn child be suspended during this obviously critical phrase of the pregnancy, and that following the birth of the child, it is in the best interest of both parents and said child that a sufficient period of time pass to afford the parties an opportunity to acquaint themselves with their firstborn child and to savor the joy of new life, if only for a brief interlude, without the suffocating cloud of the pending litigation which will surely mar this truly awesome event.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The defendant's Motion for Temporary Injunction, Pendente Lite is hereby granted AND THAT the plaintiff, individually or through his agents, is HEREBY ENJOINED from prosecuting as well as appearing and/or continuing in a certain action now pending in the District Court of Collin County, Texas, 199 Judicial District, bearing the caption "In The Interest of The Unborn Child of Bonnie C. Anselmo," for a period not to exceed six (6) months from the date hereof or within one hundred twenty (120) days following the birth of the unborn infant of the defendant, whichever shall sooner occur, at which time the parties, or either of them, shall have the right to seek relief pursuant to the Uniform Child Custody Jurisdiction Enforcement Act in either the State of Connecticut or the State of Texas, as the same may be found to apply to the facts and circumstances of this case.
CT Page 4303
 2. That immediate temporary sole custody of the unborn infant carried by the defendant is hereby awarded to the defendant wife, now and following the birth, until further order of this court.
 3. The parties are hereby referred to the Family Relations Office of this court for the specific purpose of mediating the issue of visitation of the plaintiff with his infant child as soon as may be practical following the birth, it being the strong preference of this court that the plaintiff have prompt access to as well as such visitation with the child as may be appropriate under all the circumstances, and in the event that the parties fail to so agree, the court reserves jurisdiction to enter immediate and appropriate orders therewith.
 4. No bond shall be required of the defendant at this time.
THE COURT
SHAY, J.