******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

R. S. *v.* E. S.*

(AC 43630)

Alvord, Moll and Alexander, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court
dissolving his marriage to the plaintiff and from certain orders, including,
inter alia, a pendente lite order related to certain travel restrictions. *Held*:
1. The defendant's claim that the trial court erred when it entered a pendente
lite order related to travel restrictions was moot; because a pendente
lite order ceases to exist once a final judgment has been rendered, there
was no practical relief that could be afforded to the defendant, and this
court lacked subject matter jurisdiction to consider the defendant's
claim.
2. The defendant could not prevail on his claims that the trial court erred
when it entered orders including, inter alia, vacating by stipulation a
temporary restraining order, granting the plaintiff's motion in limine,
denying the defendant's oral request for a continuance, requiring the
defendant to make a payment to the plaintiff's counsel to be held in
escrow, sealing certain documents, appointing a guardian ad litem, and
prohibiting the parties from filing pleadings without permission from
the court, and could not prevail on his claims of judicial bias as the
defendant's claims were unfounded and did not merit substantive discussion.

Argued December 6, 2021—officially released January 25, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial district of Fairfield and tried to the court, *Diana, J.*; judgment dissolving the marriage and granting certain other
relief, from which the defendant appealed; thereafter,
the court, *Grossman, J.*, ordered the defendant to make
a certain payment to the plaintiff's counsel, and the
defendant amended his appeal. *Appeal dismissed in
part*; *affirmed.*

*E. S.*, self-represented, the appellant (defendant).

*Kieran J. Costello* and *Sean R. Plumb*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, E. S., appeals following the trial court's judgment dissolving the marriage of the defendant and the plaintiff, R. S. We dismiss as moot the defendant's appeal with respect to the court's pendente lite order imposing certain travel restrictions. We conclude that the remainder of the defendant's claims are meritless and do not warrant substantive discussion. We affirm the judgment.

The record reveals the following relevant facts and procedural history. The parties were married on August 15, 2010, and they have one minor child still living. The child's twin died shortly after birth. The plaintiff commenced this dissolution action in September, 2017. On September 20, 2017, a temporary restraining order was vacated by way of a stipulation approved by the court, *Wenzel*, *J.* On September 17, 2018, the court entered pendente lite orders with respect to certain travel restrictions and an order that the plaintiff's counsel hold the defendant's passport. On March 20, 2019, the court, *Rodriguez*, *J.*, granted the plaintiff's motion for appointment of a guardian ad litem for the minor child. On May 23, 2019, the court granted the plaintiff's motion to seal a specific document and further ordered that neither party may "file proceedings without permission of the court." Additional documents also were sealed by the court on February 14, 2019, July 11, 2019, and October 21, 2019. On October 18, 2019, the plaintiff filed a motion in limine, seeking to preclude the defendant from presenting evidence at trial on the basis that he had not complied with the court's standing order for trial management. The court, *Diana*, *J.*, granted the motion in limine.[1] On October 21, 2019, the first day of trial, the defendant orally requested a continuance, which was denied. Following trial, wherein both the defendant and the plaintiff testified, the court issued its memorandum of decision dissolving the parties' marriage on November 19, 2019. This appeal followed.[2] On January 9, 2020, the court, *Grossman*, *J.*, granted the plaintiff's motion for an order that the defendant pay $52,531.25 to the plaintiff's counsel to be held in escrow pending the resolution of this appeal. On January 15, 2020, the defendant amended his appeal to challenge this order.

On appeal, the defendant challenges numerous decisions of the trial court, including the court's order imposing travel restrictions rendered pendente lite. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable." (Internal quotation marks omitted.) *Altraide* v. *Altraide*, 153 Conn. App. 327, 332, 101 A.3d 317, cert. denied, 315

Conn. 905, 104 A.3d 759 (2014). "[T]he nature of a pen-
dente lite order, entered in the course of dissolution
proceedings, is such that its duration is inherently lim-
ited because, once the final judgment of dissolution is
rendered, the order ceases to exist." *Sweeney* v.
*Sweeney*, 271 Conn. 193, 202, 856 A.2d 997 (2004). "Once
a final judgment has been rendered, an issue with
respect to a pendente lite order is moot because an
appellate court can provide no practical relief. . . . As
a result, an appellate court lacks subject matter jurisdic-
tion over a pendente lite order after the trial court has
rendered a final judgment." (Citation omitted.) *Altraide*
v. *Altraide*, supra, 332. Because the court's order impos-
ing travel restrictions was rendered pendente lite, the
defendant's appeal with respect to that order is moot.

The defendant's remaining claims on appeal attack,
inter alia, the orders: vacating by stipulation a tempo-
rary restraining order, granting the plaintiff's motion
in limine, denying the defendant's oral request for a
continuance, requiring the defendant to pay $52,531.25
to the plaintiff's counsel to be held in escrow, sealing
certain documents, appointing a guardian ad litem, and
prohibiting the parties from filing pleadings without
permission from the court. He also claims judicial bias
and challenges orders rendered in the dissolution judg-
ment. We carefully have considered each of the defen-
dant's claims and conclude that they are unfounded
and do not merit substantive discussion.

The appeal as to the pendente lite order imposing
certain travel restrictions is dismissed as moot; the judg-
ment is affirmed.

* In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018); we
decline to identify any party protected or sought to be protected under a
protective order or a restraining order that was issued or applied for, or
others through whom that party's identity may be ascertained.

[1] Prior to the commencement of the trial, a discussion on the motion in
limine was held. The plaintiff's counsel represented that the defendant had
not provided any updated discovery since March, 2019, and had not complied
with the trial management order. The court's ruling on the motion precluded
the defendant "from presenting any witnesses and/or evidence during trial
for his failure to comply with the Standing Orders."

[2] On November 29, 2019, the defendant filed an appeal with our Supreme
Court challenging the dissolution judgment. That appeal was transferred to
this court and treated as an amended appeal. The defendant further amended
his appeal on January 6, 2020, January 15, 2020, and February 13, 2020.